IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
EMMA LEE,                       )
                                )
          Plaintiff,            )   2:09-cv-00575-GEB-KJM
                                )
     v.                         )   ORDER*
                                )
FIRST FRANKLIN FINANCIAL        )
CORPORATION, et al.             )
                                )
          Defendants.           )
                                )
```

      Defendants filed two motions: Defendants move for an order dismissing Plaintiff's Complaint and move for an order striking portions of Plaintiff's Complaint. Plaintiff failed to oppose either motion.

      Defendants seek dismissal of Plaintiff's following claims, which are based on allegations that Defendants made fraudulent representations to Plaintiff: Business & Professions Code § 17200, fraud, quiet title, fraud in the inducement, and unfair business practices. Defendants argue since each of these claims is based on a fraud allegation, Plaintiff was required to satisfy the heightened

---

      * This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

pleading requirements in Federal Rule of Civil Procedure 9(b). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation and citation omitted). Plaintiff fails to satisfy this standard. Therefore this portion of the motion is granted.

Defendants also seek dismissal of Plaintiff's California Civil Code § 2923.5 claim, in which Plaintiff alleges Defendants failed to include a declaration required under § 2923.5(b) in a notice of default that Defendants gave Plaintiff. (Compl. ¶ 46.) Defendants have confined their dismissal argument to their contention that the required declaration was included in a notice of default dated February 3, 2009 ("notice"), which Defendants have submitted with their motion. However, Defendants have not shown this notice may be considered as evidence since Defendants have not shown this notice is the same notice Plaintiff references in the Complaint.

> When ruling on a [motion to dismiss under] Rule 12(b)(6) [of the Federal Rules of Civil Procedure], if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond. A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment.

United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003). Therefore, this portion of the motion is denied.

Defendants also seek dismissal of Plaintiff's claims alleged under the Truth in Lending Act and the Real Estate Settlement Procedures Act, arguing the statute of limitations bars these claims.

2

A dismissal motion may "raise the time bar of the statute of limitations . . . only if it is obvious on the face of the complaint that the claim is time-barred . . . ." London v. Coopers & Lybrand, 644 F.2d 811, 816 n.1 (9th Cir. 1981) (citation omitted). Since the face of Plaintiff's Complaint does not show when the limitations period commenced for these claims, this dismissal request is denied.

Defendants also seek dismissal of Plaintiff's breach of implied covenant of good faith and fair dealing claim. These allegations fail to allege that Defendants did "anything which [would] have the effect of destroying or injuring the right of [Plaintiff] to receive the fruits of [a] contract [into which Plaintiff entered with Defendants]." Waller v. Truck Ins. Exchange, Inc., 11 Cal. 4th 1, 36 (1995). Therefore, this portion of the motion is granted.

Defendants also seek dismissal of Plaintiff's conversion claim. This claim is based on Plaintiff's "generalized claim for money [which is] not actionable as conversion." PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 395 (2007) (quotation and citation omitted). Therefore this portion of the motion is granted.

Defendants also seek dismissal of Plaintiff's breach of fiduciary duty claim. Plaintiff's allegations in this claim are insufficient to show that Defendants owed her a fiduciary duty. Therefore this portion of the motion is granted.

Defendants also seek dismissal of Plaintiff's defamation claim. Plaintiff's allegations in this claim are insufficient to show that Defendants are exposed to liability for defamation. Therefore this portion of the motion is granted.

Defendants also seek dismissal of Plaintiff's wrongful foreclosure and unlawful joint venture claims, arguing there is no authority recognizing these claims. This portion of the motion is granted since Plaintiff has not shown these are legally viable claims.

Defendants also seek dismissal of Plaintiff's civil conspiracy and aiding and abetting claims. Plaintiff has not sufficiently alleged facts showing any defendant is exposed to liability under these claims. Therefore this portion of the motion is granted.

Defendants also seek dismissal of Plaintiff's claim for injunctive relief. "Injunctive relief, like damages, is a *remedy requested by [a party], not a separate cause of action*." Cox Commc'ns PCS, L.P. v. City of San Marcos, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002) (citing Black's Law Dictionary 201 (1979)). Plaintiff's claim for injunctive relief incorporates by reference her California Civil Code § 2923.5 claim, which has not been dismissed from this action. Therefore, this portion of the motion is denied.

Defendants also seek an order striking Plaintiff's prayer for punitive damages. The claims for which punitive damages are sought are state claims which have been dismissed. (See Compl. ¶¶ 67, 77, 84, 89, 93, 99, 104.) Since those claims have been dismissed, this portion of the motion is mooted by the dismissal rulings.

Defendants also seek to strike Plaintiff's prayer for attorneys' fees, arguing there is no statutory basis for an award of attorneys' fees. This argument is unpersuasive; therefore, the

///

///

///

motion is denied.

Dated: May 15, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge